UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil Case Number:



ALEX KNIGHT
    Plaintiff,

vs.



ARTHUR R. NORIEGA, MIAMI CITY MANAGER
JORGE COLINA, CHIEF OF POLICE, CITY OF MIAMI
SERGEANT KUNG-SANG LEE ID# 001-0394
DETECTIVE DARLENE JENKINS ID# 001-29611
DETECTIVE CHRISTIAN NICKERSON ID# Unknown
DETECTIVE FALL (First Name and ID# Unknown)
    Defendants.

**COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**

**I. Party Information**

**A.** Plaintiff: Alex Knight

Address: Everglades Correctional Institution
        1599 S.W. 187th Ave.
        Miami, Florida 33194

Inmate/Prison No.: #183490

*Year* of Birth: 1963  (Do not include day or month, pursuant to Fed. R. Civ. P 5.2)

(Write your name, address and prison/inmate number, if applicable)

Alex Knight, DC#183490
Everglades Correctional Institution
1599 S.W. 187th Ave.
Miami, Florida 33194

vs.

**B.** Defendant: DARLENE JENKINS ID# 001-28611

Official Position: Detective   Place of Employment: City of Miami Police Department

Defendant: KUNG-SANG LEE ID# 001-03940

Official Position: Sergeant Place of Employment: City of Miami Police Department

Defendant: CHRISTIAN NICKERSON ID# Unknown

Official Position: Detective Place of Employment: City of Miami Police Department

Defendant: FALLS First Name and ID Unknown

Official Position: Detective Place of Employment: City of Miami Police Department

Defendant: JORGE COLINA

Official Position: Chief of Police Place of Employment: City of Miami Police Department

Defendant: ARTHUR R. NORIEGA

Official Position: City of Miami Manager Place of Employment: City of Miami

(Write the full name of each defendant, official position and place of employment. Attach a separate page if you need additional space for additional defendants.)

## II. Statement of Claim

Detective Darlene Jenkins, ID#001-28611, City of Miami-Dade Police Department, Individual, Official Capacity

On July 20, 2017, Detective Jenkins ID #001-28611, City of Miami-Dade County Police Department, individual, and in official capacity did knowingly arrest the Plaintiff without an arrest warrant or probable cause. The alleged facts in the arrest affidavit not only caused the Plaintiff an illegal arrest and detention, but it was the sole basis behind a separate constitutional claim premised on a sworn statement she falsely made on a search warrant application that was submitted to a Magistrate Judge to establish probable cause to effect the initial arrest. The information that Detective Jenkins provided was not only false and misleading, but the videos evidence that was used was **fabricated** also.

On July 21, 2017 Detective Darlene Jenkins stated in her probable cause affidavit issued for a search warrant of the residence located at 1410 N.W. 1st Avenue in Miami-Dade County that, "she observed video surveillance of a Black Male with (**no**) {detailed description provided}, exiting a 2013 Cadillac CTS after parking in the parking lot of the Office of Zankly Construction, located at 2730 S.W. 3rd Avenue in Miami-Dade County." Detective Jenkins also stated the surveillance video captured this Black Male entering into the Office building at (10:20) hours; taking the elevator to the third floor, and is seen walking into Victim's #1 Office Suite 303, and later running into the stairwell after the victim walked into her office. This purported

Black Male was allegedly seen running to a Gray 4-Door Cadillac and fleeing the scene. Video Surveillance captured the license plate of the vehicle as it exited the parking lot in Case #F17-14430. See Exhibit A. Note: There was (**no**) date and time explicitly showing when this video evidence took place. Detective Darlene Jenkins also stated that on July 13, 2017, this same Black Male was seen on surveillance going through the lateral doors of a Dentist Office located at 2828 Coral Way, Suite #403 in Miami-Dade County. Making certain not to be seen by employees approaching the area where the personal belongings (i.e. wallets) were, and leaving the Dentist office referencing Case #17-14431. This video evidence was fabricated and/or edited with a premeditated-malicious intent to secure a conviction of Plaintiff.

Sergeant Kung-Sang Lee, ID# 001-03940 City of Miami-Dade Police Department, Individual, Official Capacity

On July 21, 2017, Sergeant Kung-Sang Lee, ID #001-03940, City of Miami-Dade County Police Department, as individual and in official capacity, knowingly initiated this false information to be written and conspired malignantly to have Plaintiff's warrantless arrest without legal probable cause issued; then willingly signed and sworn the information to be true. Sergeant Kung-Sang Lee, as a ranking Officer has a constitutional obligation to intervene, stop, and prevent false information from being written. Instead he authorized and knowingly sworn this false application was true; and submitted it for review by a judge on July 21, 2017 in order for it to be evaluated whether probable cause existed or not, in order to get a search warrant issued. The alleged false statement about the video evidence in the arrest affidavit, and the search warrant application was the **sole basis** for probable cause leading to the Plaintiff's false and warrantless arrest, illegal detention, and the unlawful search of the Plaintiff's apartment, all prominently violating Plaintiff's constitutional rights as a citizen. Sgt. Kung Sang-Lee should not have authorized this false application to be written, knowing that the statement made by Detective Jenkins, to establish probable cause, was false and therefore a blatant constitutional violation that impinged upon Plaintiff's legal expectation of receiving fair and impartial treatment from experienced police authority. Sgt. Kung Sang-Lee has the wherewithal to properly investigate any obligation required upon his need for prudent judgment when the question of whether or not something is amiss in the warrant application and the ensuing arrest affidavit.

It is the constitutional and expected duty of an official police officer to intervene and stip other officers [illegal] conduct that may violate the right of a citizen. Sgt. Kung Sang-Lee has neglected his required duty as a ranking-supervising officer, in the City of Miami-Dade Police Department, by allowing Detective Darlene Jenkins to unconstitutionally affect the arrest of Plaintiff by initially presenting to a judge a false complaint and supporting affidavit, which failed to establish probable cause.

Detective Christian Nickerson ID# unknown, ("actually an officer with the City of Miami-Dade Police Department"), individual, official capacity,

Detective Falls, first name and ID# unknown, employed with the City of Miami-Dade Police Department, individual, official capacity,

Detective Darlene Jenkins, ID#011-28611

On July 20, 2017 Detective Christian Nickerson and Detective Falls were dispatched to the Plaintiff's residence to arrest him for an alleged string of (burglaries) that allegedly occurred in the Brickell area of Miami. Note: "there was (*no description*) of this "Black Male," nor was the required standard procedure of ("Six-Photo Line-Up") done to secure this Black Male's identity in connection to any alleged crime during that described window period. (Emphasis added). However, the aforesaid Miami City-Dade County Police Detectives/Police Officers arrested the Plaintiff inside his home without a **validated** arrest warrants or **justifiable** probable cause to subject Plaintiff to be served an arrest warrant. Additionally, Detectives did not officially [mirandarized] the Plaintiff and further neglected to even inform him of the alleged charges he was being arrested for, nor state the alleged crime(s) he committed. After confirming the Plaintiff's identity he was placed in handcuffs and detained inside his own home, to wait for the arrival of Detective Darlene Jenkins. Upon Detective Jenkins arrival, she proceeded to question the Plaintiff about an alleged string of burglaries, and asked him to sign a waiver allowing the search of his apartment. The Plaintiff adamantly refused and was then escorted out of his apartment and taken to the City of Miami-Dade Police Department where he sat for several hours while Detective Jenkins drafted a fabricated search warrant to search the Plaintiff residence. The Fourth Amendment prohibits police form making a (**warrantless and illegal**) entry into a citizen's home in order to procure an illegal arrest without due process procedures, rules, and/or regulations being properly adhered to. (Emphasis added).

The Detectives/Officers illegally detained and arrested the Plaintiff without an authorized arrest warrant or viable probable cause. The state law adamantly requires that an arrest warrant be supported by either an affidavit or "sworn testimony" establishing the grounds for issuing the warrant. No matter how brief or succinct it may be, the evidentiary component of an application for an arrest warrant is a *distinct* and *essential* predicate of the finding of probable and justifiable cause for any law enforcement personnel to take action against a citizen's right to privacy and the protection of the law provided by the Fourth Amendment in any cause.

To reinforce the premise of Plaintiff's contentions herein, Sergeant Kung-Sang Lee, did knowingly and intentionally authorize the false statement. This capricious conduct on the part of Sergeant Kung-Sang Lee, a seasoned officer, clearly was a violation of the Claimant's Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. And therefore violates the rules, procedure, established protocol governing legislative intent for police regulations concerning warrant, arrest, affidavits practices.

That Detective Darlene Jenkins, Detective Christian Nickerson, and Detective Fall arrested the Plaintiff inside his home unjustifiable, and conducted an illegal search and arrest without sanctioned arrest warrant and probable cause, this combination of infringed illegal conduct usurped on the Plaintiff on part of the above referenced officers in direct contrariness to the Plaintiff's bestowed rights of the Fourth, Fifth, and Fourteenth Amendment of the United States Constitution.

Herein, the detectives executed a manifold of malfeasance and corruptible tactics that go against the standing code of professionalism created for any law enforcement personnel

throughout our Great Country, Miami-Dade Police Department included. This purported conduct is malignant and evil and the effect was injurious and damaging to the Plaintiff.

Jorge Colina, Chief of Police City of Miami-Dade Police Department, Individual, Official Capacity

Arthur R. Noreiga, Miami City Manager Individual, Official Capacity

That the City Manager, the Chief of the Police of the City of Miami-Dade Police Department allowed the specifically named Defendants to falsify their reports to cause Plaintiff to be arrested without a substantiated-legal warrant or probable cause to wit, and thereby incurring an obvious miscarriage of justice upon the Plaintiff's person and his standing Constitutional rights as a fee citizen.

That the following named individual(s) employed in the sworn capacity to uphold the law of the State of Florida, in the County and City of Miami-Dade County under the direct authority of the City Manager, and the commanding responsibility of the residing Chief of Police, along with the perpetrators under the guise of well-intentioned Miami City Police, specifically named Detective Darlene Jenkins and Sergeant Kung-Sang Lee,, whom knowingly conspired to arrest the Plaintiff Alex Knight (without) a legal arrest warrant or (justifiable) probable cause. Defendant's knowingly and capriciously with malicious intent and corrupt mindset to illegally and unconstitutionally procure and affect the arrest of the Plaintiff by presenting an Honorable Judge with a *false* complaint, a *falsified* supporting (sworn) affidavit to wit, including patenting fabricated *video evidence* that caused Plaintiff's arrest, lost of livelihood, properties, and invaluable time, etc., which inflict irreparable personal harm to his character, reputations and costly material damage.

### III. Relief Requested

Briefly state what you are requesting from the Court (what do you want the Court to do). Do not include legal arguments or cite cases or statutes. Attach additional pages, if necessary.

The Plaintiff is seeking both compensatory and punitive damages that will recompense and reconcile his personal loss, damages, emotional, mental and physical distress resulting from the unlawful behavior of the said Defendants; which at the time Plaintiff was receive psychological and physical therapeutic treatment, this compounded gravelly the pain Plaintiff was already in. Most importantly, his rightful access to (freedom) which was grossly violated and denied for an extended duration of time that should have [never] occurred due to the named Defendant's contrived and malicious acts of illegally and corrupt practices, therewith abusing their authority acting under the employ of Miami City-Dade Police Department, individually, and in an official capacities. Furthermore, redress and reparations from the consequences required in a fair amount to assize amends made for the wrong/damages caused by the Detectives/Officers employed under the authority of Miami-Dade County Police Department in their individual and official capacities.

Remuneration for damages unlawfully and malicious with intent to oppress and violate the Plaintiff's constitutional rights and liberty of livelihood as a law abiding citizen deserves payment commensurate to the pain and suffering illegal invoked by the aforementioned Defendants. Therefore, Plaintiff is asking to be awarded Three-Hundred ($300,000) for the compensatory loss and Five-Million ($5, 000.000) for punitive damages that will be justified compensation for the tragic hurt and damage to the Plaintiff's reputation and sense of well-being that was destroyed by the devious and corrupt actions/behavior of the said Detectives/Officers.

### IV. Jury Demand

Are you demanding a jury trial?  Yes ☒ No ☐

Signed this 1st day of December 2020.

_____
Alex Knight DC # 183490
Signature of Plaintiff

I declare under penalty of perjury that the foregoing is true and correct.
Executed on this 1st day of December, 2020.

_____
Alex Knight DC # 183490
Signature of Plaintiff

### VERIFICATION

I have read the foregoing motion and its contents and I do read and write and comprehend the English language and hereby swear under the penalty of perjury, that the same is true and correct copy of all allegations and pleadings on this 1st day of December, 2020.
Respectfully submitted,

/S/_____
Alex Knight DC # 183490
Everglades Correctional Institution
1599 SW 187th Avenue
Miami, Florida 33194-2801

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to: The Clerk of Court for Dade County, 1351 N.W. 12th Street, Miami Florida, 33125, and State Attorney Office @ 1350 N.W. 12th Ave., Miami Florida, 33136, on this 1st day of December, 2020.

/S/ _____
Alex Knight DC/# 183490
Everglades Correctional Institution
1599 SW 187th Avenue
Miami, Florida 33194-2801