# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 20-25053-CIV-MARTINEZ

ALEX KNIGHT,

      Plaintiff,

v.

ARTHUR R. NORIEGA, *et al*.

      Defendants.

_____ /

## REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court upon Defendants Sergeant Kung-Sang Lee and Detective Darlene Jenkins's Motion for Sanctions (ECF No. 54), pursuant to Federal Rules of Civil Procedure 30 and 37.  No response was filed, and the time to do so has passed.  The matter was referred to the undersigned by the Honorable Jose E. Martinez, United States District Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida to take all appropriate action with respect to all discovery motions and all motions that relate directly to these motions.[1]  (ECF No. 33 at 2–3).  Defendants request that the Court strike Plaintiff's Amended Complaint (ECF No. 16), dismiss this action with prejudice, or in the alternative strike Plaintiff's claim for punitive damages, based on Plaintiff's failure to sit for his deposition.  Having carefully considered the Motion, the record as whole, and being fully advised in the premises, the undersigned respectfully **RECOMMENDS** that the Motion (ECF No. 54) be **GRANTED** as further set forth below.

---

[1]  This case was reassigned to the undersigned as the referral magistrate judge on April 10, 2023.  (ECF No. 53).

## I.      BACKGROUND

This is an action under 42 U.S.C. § 1983 brought by *pro se* Plaintiff Alex Knight, an incarcerated individual, against law enforcement officers employed by the City of Miami, Florida. In Plaintiff's initial Complaint, Plaintiff asserted claims for false arrest and illegal search and seizure, in violation of the Fourth Amendment.  (ECF No. 1).  Pursuant to 28 U.S.C. § 1915(e), the District Court screened Plaintiff's Complaint, dismissed Plaintiff's claims, and required Plaintiff to file an Amended Complaint.  (ECF No. 6).  On April 6, 2021, Plaintiff filed the Amended Complaint.  (ECF No. 16).  On February 25, 2022, the District Court allowed Plaintiff's Amended Complaint to proceed against Detective Darlene Jenkins and Sergeant Kung-Sang Lee, and dismissed Plaintiff's claims against Detective Christian Nickerson and Detective Falls.  (ECF No. 24).  The District Court found that Plaintiff asserted a plausible claim for illegal search and seizure against Detective Jenkins and Sergeant Lee in violation of the Fourth Amendment.

On June 13, 2022, Defendants filed a Motion to Dismiss for Failure to Prosecute and Failure to Comply with Court Orders, based on Plaintiff's failure to file a Notice of Change of Address, which prevented the Parties from timely holding their Rule 26(f) scheduling conference. (ECF No. 38).  The District Court denied Defendants' Motion to Dismiss the Amended Complaint, finding that dismissal for failure to prosecute was not warranted at the time.  (ECF No. 40). However, the District Court cautioned Plaintiff that it would dismiss the case pursuant to Federal Rule of Civil Procedure 41(b) if Plaintiff continued to fail to comply with court orders.

Thereafter, Defendants filed a Motion[2] for Leave to Depose Plaintiff (ECF No. 44), which the Court granted on March 8, 2023 (ECF No. 48); the motion was unopposed.  Defendants duly noticed Plaintiff deposition for April 25, 2023 to occur by videoconference.  (ECF No. 54-2).

---

[2] Plaintiff is incarcerated, necessitating Court approval for his deposition.  *See* Fed. R. Civ. P. 30(a)(2)(B).

Now, Defendants assert that on April 25, 2023, Plaintiff failed to sit for that deposition. Defendants claim that on the day of Plaintiff's scheduled deposition, Plaintiff started a pattern of yelling and combativeness and refused to answer any questions.  Defendants aver that when the record started, Plaintiff stated, "I will refuse to let this deposition take place until further notice." (ECF No. 54 at 3) (quoting (ECF No. 54-3 at 5:16–18)).  Defendants assert that Plaintiff presented five reasons to explain his refusal to submit to any questioning.  First, Plaintiff stated that he is "a mental psychotic patient" who takes medication for his condition.  (ECF No. 54-3 at 10).  Second, Plaintiff expressed his lack of trust in Defendants' counsel who conducted the deposition, because Plaintiff perceived Defendants' counsel's behavior as manipulative since counsel became involved in the case.  (*Id.*).  Third, Plaintiff stated that he previously had representation but was unsure whether that attorney would continue to represent him in this action.[3]  (*Id.*).  Fourth, Plaintiff stated that he needed an Americans with Disabilities Act ("ADA") coordinator to help him understand the process and procedure due to Plaintiff's lack of trust in Defendants' counsel.  (*Id.*).  And fifth, Plaintiff requested that the deposition be moved to a later date because Plaintiff expected to be transferred back to a federal detention center.  (*Id.* at 10–11).

Plaintiff requested to see a doctor because he claimed his blood pressure was high.  (*Id.* at 12).  The Parties went off the record to allow Plaintiff to receive medical attention.  (*Id.*). Subsequently, Officer Angelo Mercado, a prison official who witnessed the interaction between Plaintiff and Defendants' counsel, made a voluntary statement.  (*Id.* at 12–13).  Officer Mercado stated that Plaintiff was yelling even before the court reporter began to take down the record and continued to raise his voice for approximately 20 minutes.  *See* (*id.* at 13–14).  Officer Mercado

---

[3]  However, Plaintiff later stated that he understood he did not have an attorney in this case.  (ECF No. 54-3 at 11). He further stated that he had previously talked to an attorney regarding this case but had been unable to contact that attorney again because Plaintiff was housed in an isolated cell where his "privileges are strict."  (*Id.*)

further stated that Plaintiff "rais[ed] his voice" so loudly that he "heard him from [his] office . . . about three doors down," which prompted him to go check on Plaintiff. (*Id.*)  The Officer agreed that Plaintiff refused to speak to Defense counsel because Plaintiff believed counsel was being manipulative. (*Id.* at 14).  In addition, Officer Mercado stated that Plaintiff refused to speak with Defense counsel until Plaintiff was transferred to a federal detention center.  Officer Mercado was not aware why Plaintiff believed he would be transferred to a federal detention center.  *See* (*id.* at 14).  Last, Officer Mercado agreed that Plaintiff seemed to understand Defense counsel's questions. (*Id.* at 16).

The discovery cutoff in this case was April 26, 2023, the day after Plaintiff's deposition was scheduled to take place. (ECF No. 46).  The instant Motion for Sanctions followed, on April 26, 2023.

Pursuant to the Local Rules of the Southern District of Florida, Plaintiff's response to Defendants' Motion was due fourteen days later, on May 10, 2023.  *See* S.D. Fla. L.R. 7.1(c)(1). Plaintiff failed to timely respond to the Motion.  In light of that failure, this Court *sua sponte* ordered Plaintiff to respond and show good cause why the relief requested in Defendants' Motion should not be granted, why Plaintiff's complaint should not be stricken, and why this action should not be dismissed as a sanction for Plaintiff's refusal to sit for deposition. (ECF No. 56).  The Court further notified Plaintiff that the failure to respond to Defendants' Motion by Friday, June 16, 2023, would result in a recommendation to the District Court to accept as true the factual representations asserted in the Motion and in a recommendation that sanctions be entered in favor of Defendants and against Plaintiff.  Plaintiff failed to respond to the Court's Order to Show Cause.

Defendants' Motion for Summary Judgment (ECF No. 59), filed on May 30, 2023, is currently pending before the Court.  Plaintiff responded to Defendants' Motion for Summary Judgment on June 20, 2023.  (ECF No. 62).  Trial is set for September 25, 2023.  (ECF No. 46).

## II.   DISCUSSION

Defendants argue that sanctions are warranted based on Plaintiff's failure to sit for his deposition.  According to Defendants, Plaintiff's failure to engage with Defense counsel leading up to the scheduled start of the deposition was part of a deliberate strategy to avoid the taking of Plaintiff's deposition, to control who from Defendants' legal team would depose him, and to control where Plaintiff is incarcerated by refusing to participate in the deposition until the Court transfers Plaintiff to a federal detention center.  Defendants note that Plaintiff did not file a motion for a protective order prior to the deposition.  They argue that Plaintiff lacked an arguable basis for the reasons he gave against sitting for deposition.  Defendants assert that the Amended Complaint should be stricken and that this action should be dismissed because Plaintiff willfully and in bad faith deprived them of critical discovery by refusing to provide Defendants with his testimony, knowing or otherwise having sufficient notice that the discovery cutoff was the week Plaintiff's deposition would have taken place.  Defendants waive any entitlement to fees under Rule 37 based on Defendant's *in forma pauperis* and *pro se* status.

First, the Court finds that Plaintiff failed to sit for his deposition after being served with proper notice.  As noted above, Defendants sought and were granted leave to depose Plaintiff, without opposition.[4]  On April 18, 2023, Defendants re-noticed Plaintiff's deposition for April 25, 2023.[5]  Plaintiff was required to sit for that deposition unless Plaintiff had a pending motion for a

---

[4]  Although a party may generally depose any person or party without leave of court, leave of court is required if the deponent is incarcerated.  Fed. R. Civ. P. 30(a)(2)(B).
[5]  The deposition was originally noticed on April 4, 2023 for April 17, 2023.  (ECF No. 54-1).

protective order under Rule 26(c).  Fed. R. Civ. P. 37(d)(2).  However, no motion for protective order seeking to prevent the deposition was filed.

Moreover, the Court accepts as true the factual representations advanced in Defendants' Motion.[6]  Those representations include that Plaintiff expressly refused to sit for his deposition after he was brought to the room where the deposition was set to occur by Zoom videoconference.  Defendants' factual representations are corroborated by the transcript attached to the Motion.  As noted above, the court reporter began to take down a record before the start of Plaintiff's deposition, during which time Plaintiff expressly stated he would refuse to allow the deposition to take place "until further notice."  (ECF No. 54-3 at 5).  As Defendants represent in the Motion and as corroborated by that transcript, Plaintiff indeed provided five reasons why he could not proceed with the deposition that day.  But in failing to respond to the Motion or to the Court's Order to Show Cause, Plaintiff has failed to substantiate how any of those five reasons excused him from sitting for his deposition.[7]

Accordingly, Plaintiff failed to sit for deposition as required and the Court must determine what, if any, sanctions are warranted.

"The district court has broad discretion to control discovery.  This power includes the ability to impose sanctions on uncooperative litigants."  *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993).  The purpose of Rule 37 sanctions is "to prevent unfair prejudice to the litigants and

---

[6]  The Court advised Plaintiff in the Order to Show Cause (ECF No. 56) that his failure to respond to Defendants' Motion would result in a recommendation to the District Court to accept as true the factual representations advanced in the Motion for Sanctions (ECF No. 54).  Given Plaintiff's failure to respond to either Defendants' Motion for Sanctions or this Court's Order to Show Cause, this Court accepts as true the factual representations advanced by Defendants in their Motion, which are confirmed by the transcript attached thereto.

[7]  Indeed, two of Plaintiff's reasons he could not sit for the deposition—his distrust for Defense counsel and being moved to a federal detention center—were not reasons that would have warranted postponing or cancelling the deposition.  One of Plaintiff's reasons—that he had counsel in this case—is belied by the record, which reveals no appearance by any attorney on behalf of Plaintiff.  And as noted above, in failing to respond to the Motion or to the Court's Order to Show Cause, Plaintiff has failed to substantiate how his mental illness and lack of an ADA coordinator absolve him from attending his deposition.

ensure the integrity of the discovery process." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).

Although Plaintiff is *pro se*, he must still comply with procedural rules. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Under Federal Rule of Civil Procedure 37(d)(1)(A)(i), if a party fails "after being served with proper notice, to appear for that person's deposition" the court may, on motion, order sanctions, which "may include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi)." *See* Fed. R. Civ. P. 37(d)(3). That provision authorizes "striking pleadings in whole or in part" or "dismissing the action or proceeding in whole or in part."[8] Fed. R. Civ. P. 37(b)(2)(A)(iii), (b)(2)(A)(v). The sanctions permitted under Rule 37(b)(2)(A)(i)–(iv) "are not exclusive, and courts have broad discretion in imposing consequences for abusive discovery practices or for a failure to preserve the integrity of the discovery process." *Snyder v. iCard Gift Card, LLC*, No. 15-61718-CIV, 2017 WL 10379644, at *1–2 (S.D. Fla. Jan. 19, 2017). Moreover, "[i]nstead of or in addition to these sanctions, the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified, or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

"Dismissal with prejudice is the most severe Rule 37 sanction and is not favored[,]" but it "may be appropriate when a plaintiff's recalcitrance is due to willfulness, bad faith or fault." *Phipps*, 8 F.3d at 790; *see also Lyons v. O'Quinn*, 746 F. App'x 898, 901 (11th Cir. 2018) (quoting *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 481 (11th Cir. 1982)) (omission in original) ("When a party demonstrates a flagrant disregard for the court and the discovery process, dismissal, . . . is not an abuse of discretion"). By contrast, "[a] discovery violation caused by

---

[8] Although, striking pleadings will sometimes have the same effect as dismissal. *Jaffe v. Grant*, 793 F.2d 1182, 1189 n.5 (11th Cir. 1986).

simple negligence, misunderstanding, or inability to comply will not justify a default judgment or dismissal." *Snyder*, 2017 WL 10379644, at \*2–3; *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370–72, 1374 (11th Cir. 1997) (vacating the district court's order imposing Rule 37 sanctions against a party when the court had received clear notice, on multiple occasions from the party, expressing that literal compliance with the discovery requests and thus the compel order was not possible).

Striking pleadings and dismissal of a case are "reserved for those litigants whose culpability is high, such as where a party has willfully and wrongfully ignored court orders, intentionally impeded discovery to gain some perceived litigation advantage or otherwise made a conscious decision to obstruct the orderly processing of a case." *OneBeacon Ins. v. Milbourne*, No. 1:04-cv-3596, 2005 WL 3797628, at \*4 (N.D. Ga. Oct. 20, 2005); *see also Zeta Mgmt. Corp. v. Parkside Heights Phase One, LLC et al.*, No. 08-61146-CIV, 2010 WL 3522004, at \*6–7 (S.D. Fla. Aug. 25, 2010) (Snow, Mag. J.), *report and recommendation adopted*, No. 08-61146-CIV, 2010 WL 3522002 (S.D. Fla. Sept. 7, 2010) (Dimitrouleas, J.) (recommending that the district court strike a *pro se* defendant's pleadings and enter a default against him where the *pro se* defendant's failure to attend three properly-noticed depositions and failure to comply with court orders compelling his attendance was willful and was not "due to any legally sufficient inability to appear"). Such sanctions are severe sanctions appropriate only as a last resort, in cases "when less draconian sanctions will not cure the prejudice or otherwise ensure future compliance with discovery obligations." *Snyder*, 2017 WL 10379644, at \*2; *see also Phipps*, 8 F.3d at 790–91 (affirming the district court's dismissal with prejudice of the plaintiff's action after the plaintiff disobeyed several discovery orders and was warned repeatedly about dismissal as a sanction for his conduct). Although not a requirement under Rule 37, it is a "good practice" for a district court

using dismissal as a sanction to state why lesser sanctions will not suffice. *Phipps*, 8 F.3d at 791; *see also Reed v. Fulton Cnty. Gov't*, 170 F. App'x 674, 675 (11th Cir. 2006) (holding that lesser sanctions would not have sufficed because the non-complying party had already ignored the court's order); *see also Lyons*, 746 F. App'x at 901–02 (affirming the dismissal of the plaintiff's suit because the plaintiff's noncompliance substantially prejudiced the defendant's preparation for trial, preventing it from effectively litigating the case).

Here, Plaintiff failed to move for a protective order to excuse his attendance at the deposition and he expressly refused to permit that deposition to proceed. The grounds Plaintiff raised for why his deposition could not go forward have no readily discernible basis in law, were false, and/or have not been factually substantiated. As noted above, two of the grounds Plaintiff offered for why his deposition could not go forward (distrust of counsel and being transferred in the future to another facility) are not bases that would have excused Plaintiff from sitting for deposition on that day. One of the grounds (that Plaintiff has counsel in this case) was later contradicted by Plaintiff and is otherwise belied by the record in this case. And in failing to respond to the Motion despite being ordered to so, Plaintiff has failed to substantiate the remaining two grounds (that his inability to sit for deposition was attributable to mental illness and accordingly he needed an ADA coordinator to proceed). Defendants have represented, and Plaintiff has not rebutted, that Plaintiff was aware that the deadline to complete discovery was the day after his deposition was scheduled to take place, but he nonetheless refused to go forward with a deposition until further notice, in part, for reasons he knew not to be true.

Based on the unrebutted factual representations advanced by Defendants, as corroborated by the transcript, the Court finds that Plaintiff's interference with his April 25, 2023 deposition

was willful and not due to mere negligence, inadvertence, or Plaintiff's failure to appreciate his legal obligations as the plaintiff in this case.

I further note that despite not responding to the Motion or to this Court's Order to Show Cause, Plaintiff *did* respond to Defendants' Motion for Summary Judgment on June 20, 2023, which suggests that Plaintiff similarly could have responded to the present Motion but ignored this Court's order requiring him to do so.  Moreover, Plaintiff's failure to keep this Court and Defendants apprised of his address prevented the Parties from moving forward with their Rule 26(f) scheduling conference.  Based on these failures and Plaintiff's refusal to sit for deposition, Plaintiff has exhibited a pattern of ignoring, refusing, and/or failing to comply discovery obligations, procedural rules, and Court orders despite being warned that he could be sanctioned for noncompliance.  *See OneBeacon Ins.*, 2005 WL 3797628, at *4 (striking defendant's answer and entering a default against her where the defendant failed to respond to interrogatories and requests for production, failed to appear at a deposition, failed to respond to a motion to hold her in contempt despite the court affording her an additional opportunity to show cause, and failed to appear at a hearing).

Accordingly, dismissal and striking the Amended Complaint are appropriate.  *Phipps*, 8 F.3d at 790 ("[D]ismissal may be appropriate when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault."); *Reed*, 170 F. App'x at 675–76 ("Despite numerous attempts by the County to schedule a deposition, and the court's order compelling his attendance, Reed did not appear.").

Lesser sanctions in the present case will not suffice.  In addition to the pattern of ignoring and/or failing to comply with discovery obligations, procedural rules, and Court orders, Plaintiff's refusal to sit for deposition has prejudiced Defendants.  At this posture, the harm cannot be cured. Defendants have been prevented from obtaining critical evidence—Plaintiff's own

testimony—and the discovery deadline has passed.  Defendants were prevented from relying on Plaintiff's testimony as evidence in their Motion for Summary Judgment (ECF No. 59).  Briefing on that motion has since closed, and the trial is set to occur in under 2 months.  And given Plaintiff's purported refusal to sit for deposition until he is transferred from state custody to federal custody or until he has representation in this case, the Court is not convinced that Plaintiff will comply with any order compelling him to sit for further deposition.  This is especially so where Plaintiff has failed to respond to the instant Motion and substantiate the reasons he gave for why his deposition could not go forward, despite being ordered to do so; on this record, there is not even an offer by Plaintiff to sit for deposition if the opportunity to do so outside the discovery period were permitted.

Accordingly, the undersigned recommends that the District Court strike Plaintiff's Amended Complaint and dismiss this action with prejudice as sanctions pursuant to Federal Rule of Civil Procure 37(d)(3).

Under Rule 37(d)(3), the Court must require Plaintiff to pay the reasonable expenses caused by his failure, "unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Here, because Plaintiff is a *pro se* litigant proceeding *in forma pauperis*, Defendants have agreed to waive their entitlement to fees and costs under this motion if Plaintiff's Amended Complaint is stricken or dismissed.  Further, because the undersigned recommends striking and dismissing Plaintiff's Amended Complaint and Defendants agreed to waive their entitlement to fees and costs under this motion due to Plaintiff's status as a *pro se* litigant proceeding *in forma pauperis*, the undersigned does not recommend the shifting of fees.

## III.   RECOMMENDATIONS

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Defendants' Motion for Sanctions (ECF No. 54) be **GRANTED**.

Pursuant to Federal Rule of Civil Procedure 37(d)(3), the undersigned **FURTHER RECOMMENDS** that (i) Plaintiff's Amended Complaint be **STRICKEN** and that (ii) this action be **DISMISSED, with prejudice**.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable Jose E. Martinez, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendations.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, on this 2nd day of August, 2023.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:     Honorable Jose E. Martinez
        Counsel of Record

        Alex Knight
        220139451
        Suwannee Correctional Institution
        Inmate Mail/Parcels
        5964 US Highway 90
        Live Oak, FL 32060
        PRO SE